UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTINA HENRY,<br><br>                    Plaintiff,<br><br>       -against-<br><br>CAPITOL ONE BANK (USA), N.A.;<br>CHASE BANK USA, N.A.; WELLS<br>FARGO FINANCIAL NATIONAL<br>BANK; US BANK N.A.; LVNV<br>FUNDING LLC; SECOND ROUND<br>LIMITED PARTNERSHIP; EXPERIAN<br>INFORMATION SOLUTIONS, INC.;<br>TRANS UNION, LLC; and EQUIFAX<br>INFORMATION SERVICES, LLC,<br><br>                    Defendants. | Case No.: 1:15-cv-3241 (CM)<br><br>ECF Case |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint of Plaintiff Martina Henry ("Plaintiff"), states as follows:

### PRELIMINARY STATEMENT

1.      In response to Paragraph 1 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in Paragraph 1.

2.      In response to Paragraph 2 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  With regard to

allegations related to Experian, Experian denies, generally and specifically, each and every allegation contained in Paragraph 2.

3.      In response to Paragraph 3 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in Paragraph 3.

4.      In response to Paragraph 4 of the Complaint, Experian admits that Plaintiff has brought this litigation pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the New York Fair Credit Reporting Act, NY Gen. Bus. L. § 380 *et seq.* ("NY FCRA").  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of Paragraph 4 inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 4.

## JURISDICTION AND VENUE

5.      In response to Paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p (incorrectly cited by Plaintiff as § 1681(p)) and 1692(k), as well as supplemental jurisdiction over those state law claims based on  28 U.S.C. § 1367(a).  Experian further admits that, as to Experian, Plaintiff has alleged that venue is proper in the United States Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).  With regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

6.      In response to Paragraph 6 of the Complaint, Experian admits, upon information and belief, that Plaintiff is an individual and a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681 *et seq.* and the NY FCRA, NY Gen. Bus. L. § 380 *et seq.*

7.      In response to Paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to Paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to Paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.      In response to Paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to Paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.      In response to Paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to Paragraph 13 of the Complaint, Experian admits that it is an Ohio corporation.  Experian further admits that it is duly authorized and qualified to do business in the State of New York.  Experian further admits that it is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f) and N.Y. Gen. Bus. L. § 380-a(e).

14.     In response to Paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to Paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FACTUAL BACKGROUND**

16.     In response to Paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to Paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to Paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FACTS RELATING TO CAPITAL ONE ACCOUNTS**

19.     In response to Paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to Paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to Paragraph 21 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that it received a letter from Plaintiff dated August 13, 2014 and refers to that letter, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 21.

22.     In response to Paragraph 22 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 22.

## FACTS RELATING TO THE CHASE ACCOUNTS

23.     In response to Paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to Paragraph 24 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively

states that it received a letter from Plaintiff dated August 13, 2014 and refers to that letter, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 24.

25.     In response to Paragraph 25 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 25.

## FACTS RELATING TO THE US BANK ACCOUNT

26.     In response to Paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.     In response to Paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.     In response to Paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to Paragraph 29 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that it received a letter from Plaintiff dated August 13, 2014 and refers to that letter, which

speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 29.

30.     In response to Paragraph 30 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 30.

## FACTS RELATING TO THE US BANK ACCOUNT

31.     In response to Paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to Paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     In response to Paragraph 33 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that it received a letter from Plaintiff dated August 13, 2014 and refers to that letter, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 33.

34.     In response to Paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTS RELATING TO THE LVNV FUNDING ACCOUNTS

35.     In response to Paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.     In response to Paragraph 36 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that LVNV Funding first reported the account beginning 4266- to Experian in March 2011 and that LVNV Funding first reported the account beginning 5401- to Experian in April 2011. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 36.

37.     In response to Paragraph 37 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that it received a letter from Plaintiff dated August 13, 2014 and refers to that letter, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 37.

38.     In response to Paragraph 38 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 38.

### FACTS RELATING TO THE SECOND ROUND ACCOUNT

39.     In response to Paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     In response to Paragraph 40 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that Second Round first reported the account beginning 5774- to Experian in April 2014. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 40.

41.     In response to Paragraph 41 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that it received a letter from Plaintiff dated August 13, 2014 and refers to that letter, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 41.

42.     In response to Paragraph 42 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 42.

## FACTS RELATING TO THE PLAINTIFF'S DAMAGES

43.     In response to Paragraph 43 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 43.

## FIRST CAUSE OF ACTION
Violation of the FCRA
Against All Defendants

44.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 43 of the Complaint for its response to Paragraph 44 of the Complaint.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 44.

45.     In response to Paragraph 45 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that the allegations of Paragraph 45 are vague as to specific consumer reports that were allegedly prepared, compiled, issued, assembled, transferred, published and otherwise

reproduced by Experian, therefore Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, on that basis, denies, generally and specifically, each and every allegation contained therein related to Experian's consumer reports.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 45.

46.     In response to Paragraph 46 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 46.

47.     In response to Paragraph 47 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 47.

48.     In response to Paragraph 48 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 48.

49.     In response to Paragraph 49 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, on that basis, denies,

generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 49.

50.     In response to Paragraph 50 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 50.

51.     In response to Paragraph 51 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 51.

52.     In response to Paragraph 52 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 52.

53.     In response to Paragraph 53 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 53.

54.     In response to Paragraph 54 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.     In response to Paragraph 55 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56.     In response to Paragraph 56 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 56.

57.     In response to Paragraph 57 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 57.

## SECOND CAUSE OF ACTION
Violation of the NY FCRA
Against Experian, Trans Union and Equifax

58.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 57 of the Complaint for its response to Paragraph 58 of the Complaint.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 58.

59.     In response to Paragraph 59 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian affirmatively states that the allegations of Paragraph 59 are vague as to specific consumer reports that were allegedly prepared, compiled, issued, assembled, transferred, published and otherwise reproduced by Experian, therefore Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, on that basis, denies, generally and specifically, each and every allegation contained therein related to Experian's consumer reports.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 59.

60.     In response to Paragraph 60 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 60.

61.     In response to Paragraph 61 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 61.

62.     In response to Paragraph 62 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 62 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 62.

63.     In response to Paragraph 63 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 63.

64.     In response to Paragraph 64 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### THIRD CAUSE OF ACTION
Violation of the FDCPA
Against LVNV Funding and Second Round Only

65.     Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 64 of the Complaint for its response to Paragraph 65 of the Complaint.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 65.

66.     In response to Paragraph 66 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67.     In response to Paragraph 67 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

68.     In response to Paragraph 68 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

69.     In response to Paragraph 69 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

70.     In response to Paragraph 70 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.     In response to Paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72.     In response to Paragraph 72 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

73.     In response to Paragraph 73 of the Complaint, with regard to allegations related to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 73.

74.     In response to Paragraph 74 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All of Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All of Plaintiff's claims against Experian are barred because any information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein is barred by laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not cause by Experian, but by an independent intervening cause.

## TWELFTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff takes nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 17, 2015

                                        /s/ Andrew S. Kleinfeld
                                        Andrew S. Kleinfeld
                                        JONES DAY
                                        222 East 41st Street
                                        New York, New York  10017-6702
                                        Tel: (212) 326-3939
                                        Fax: (212) 755-7306
                                        Email: askleinfeld@jonesday.com

                                        *Attorney for Defendant Experian Information
                                        Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew S. Kleinfeld, certify that on June 17, 2015, I caused the foregoing EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES to be filed with the Clerk of the Court and served upon all counsel of record via the CM/ECF system.


 */s/ Andrew S. Kleinfeld*
Andrew S. Kleinfeld