UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINA HENRY,

         Plaintiff,

    -against-

CAPITAL ONE BANK (USA), N.A.;
CHASE BANK USA, N.A.;
WELLS FARGO FINANCIAL NATIONAL BA;
US BANK N.A.; LVNV FUNDING LLC;
SECOND ROUND LIMITED PARTNERSHIP;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION, LLC and EQUIFAX INFORMATION
SERVICES, LLC,

         Defendants.

Docket No.1:15-cv-03241-CM

Judge Colleen McMahon

**ANSWER, AFFIRMATIVE
DEFENSES & JURY DEMAND
TO THE COMPLAINT
ON BEHALF OF
SECOND ROUND
LIMITED PARTNERSHIP**

*NOW COMES* Defendant SECOND ROUND LIMITED PARTNERSHIP ("Second Round"), by its undersigned counsel, and for its answer and affirmative defenses to the Complaint, states and alleges as follows:

## PRELIMINARY STATEMENT

1.    This case illustrates the nearly impossible task identity theft victims face when seeking to remove fraudulently opened accounts from their credit reports — despite legislation from Congress directly aimed at assisting victims in that precise task.  Plaintiff Martina Henry has been dealing with the consequences of identity theft for over 15 years, and has filed this action in a final attempt to clear numerous items from her credit report that were opened in her name by an identity thief (or thieves), to seek compensation for defendants' repeated refusals to comply with their legal obligations, and to seek to deter such unlawful conduct in the future.

**ANSWER:**    Answering paragraph 1 of the Complaint, denies that it violated the law in any way.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.      Prior to filing this action, the plaintiff repeatedly contacted each of the Credit reporting agencies, banks, and debt collectors named as defendants in this action to inform them that the accounts on which they were seeking to collect were in fact opened in her name by identity thieves.   Each of the defendants consistently refused to conduct any sort of meaningful investigation into the plaintiff's claims and refused to remove the debts from the plaintiff's credit reports — in some cases given after their lawsuits against the plaintiff seeking to collect on those debts were dismissed.

**ANSWER:**      Answering paragraph 2 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.      The plaintiff has incurred substantial damages as a result of the defendants' refusal to comply with their legal obligations, including but not limited to

- Being denied credit or home loans,

- Being denied credit or car loans,

- Being denied credit cards,

- Being denied department store credit cards, and

- Suffering significant aggravation and emotional distress for years.

**ANSWER:**      Answering paragraph 3 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.      It has become abundantly clear to plaintiff that the only way to resolve this situation and move on with her life is to sue each of the named defendants to hold them accountable for their

131068447v1 0972552

unlawful conduct. Accordingly plaintiff brings this action to remedy violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the New York Fair Credit Reporting Act, NY General Business Law § 380 *et seq.* ("NY FCRA"), and seeks actual, statutory, and punitive damages and statutory attorney's fees.

**ANSWER:**   Answering paragraph 4 of the Complaint, denies that it violated the law in any way.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692(k). This Court has diversity jurisdiction over the state law claims under 28 USC § 1332 as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**   Answering paragraph 5 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

## PARTIES

6.      The plaintiff is an individual and a "consumer" within the meaning of the FCRA and NY FCRA.

**ANSWER:**   Answering paragraph 6 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

7.      Capital One Bank (USA) N.A. ("Capital One") is a national credit card bank and Virginia corporation, duly authorized and qualified to do business in the state of New York, and is a "furnisher" pursuant to the FCRA.

**ANSWER:**   Answering paragraph 7 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

131068447v1 0972552

8.     Chase Bank USA, N.A. ("Chase") is a national credit card bank, and Delaware corporation, duly authorized and qualified to do business in the state of New York, and is a "furnisher" pursuant to the FCRA.

**ANSWER:**   Answering paragraph 8 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

9.     Wells Fargo Financial National Bank ("Wells Fargo") is a national credit card bank and Nevada corporation, duly authorized and qualified to do business in the state of New York, and is a "furnisher" pursuant to the FCRA.

**ANSWER:**   Answering paragraph 9 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

10.     U.S. Bank N.A. ("US Bank") is a national credit card bank headquartered in Ohio, duly authorized and qualified to do business in the state of New York., and is a "furnisher" pursuant to the FCRA.

**ANSWER:**   Answering paragraph 10 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

11.     LVNV Funding LLC ("LVNV Funding") is a [sic] is a Delaware corporation, duly authorized and qualified to do business in the State of New York, a "furnisher" pursuant to the FCRA, and a "debt collector" within the meaning of the Fair Debt Collection Practices Act [15 U.S.C. § 1692a(6)].

**ANSWER:**   Answering paragraph 11 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

12.     Second Round Limited Partnership ("Second Round") is a is a Texas partnership, duly authorized and qualified to do business in the State of New York, a "furnisher" pursuant to the

131068447v1 0972552

FCRA, and a "debt collector" within the meaning of the Fair Debt Collection Practices Act [15 U.S.C. § 1692a(6)].

> **ANSWER:**   Answering paragraph 12 of the Complaint, admits only that it is a partnership formed under the laws of the State of Texas and that it is licensed to operate in the State of New York.  Answering further, admits only that part of its business includes the collection of unpaid, outstanding account balances that were originally owed to others.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.    Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and NY FCRA. [NY GBL § 380-a(e)].

> **ANSWER:**   Answering paragraph 13 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

14.    Equifax Information Services, LLC ("Equifax") is a Georgia corporation, duly authorized and qualified to do business in the State of New York and is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and NY FCRA [NY GBL § 380-a(e)].

> **ANSWER:**   Answering paragraph 14 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

15.    Trans Union LLC ("Trans Union") is a Delaware corporation, duly authorized and qualified to do business in the State of New York and is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and NY FCRA [NY GBL § 380-a(e)].

131068447v1 0972552

**ANSWER:**   Answering paragraph 15 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

## FACTUAL BACKGROUND

16.     The plaintiff first realized that she was a victim of identity in 1999.  For the past 16 years, plaintiff has been dealing with the ramifications of having her identity stolen, including but not limited to dealing with letters and phone calls from banks and debt collectors seeking to collect on delinquent accounts opened in her name, defending herself in seven separate collection lawsuits regarding accounts she never opened, and attempting to remove these inaccurate accounts from her credit reports.

**ANSWER:**   Answering paragraph 16 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

17.     On March 28, 1999, the plaintiff reported to the New York Police Department that she had been a victim of identity theft, and that numerous credit card charges had been made in her name by identity thieves.

**ANSWER:**   Answering paragraph 17 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

18.     Since that date, identity thieves have continued to open numerous accounts in the plaintiff's name without her knowledge or consent. The accounts opened in her name include, but are not limited to, three Capital One credit cards, six Chase credit cards, a US Bank credit card, and a Raymour and Flanagan credit card issued through Wells Fargo. The identity thieves incurred charges on these accounts and did not pay them, and the accounts thus became delinquent.  At least three debt collectors, LVNV Funding, Second Round, and Midland Funding LLC, have also attempted to collect delinquent accounts from the plaintiff, which were opened in her name by the identity thieves without plaintiff's knowledge or consent.

6

**ANSWER:**   Answering paragraph 18 of the Complaint, admits only that it did contact Plaintiff regarding an unpaid, outstanding account balance.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint.

## FACTS RELATING TO CAPITAL ONE ACCOUNTS

19.     In 2010, Capital One filed three separate lawsuits in New York City Civil Court against the plaintiff for three separate accounts. All of these accounts were opened by identity thieves — a fact that Ms. Henry repeatedly stated to Capital One and its counsel.  Ms. Henry defended herself in each of those cases and the Court dismissed each of these cases after Capital One could not offer any evidence that the plaintiff actually opened these accounts.

**ANSWER:**   Answering paragraph 19 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

20.     The plaintiff also repeatedly wrote to and called Capital One to dispute these accounts, including sending them copies of the police report she filed.  Capital One at all times refused to cease its attempts to hold plaint ff responsible for these accounts.  Even after the cases were dismissed, Capital One continued to report at least two of the accounts on the plaintiffs' credit reports with each of the credit reporting agency defendants.

**ANSWER:**   Answering paragraph 20 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

21.     The plaintiff repeatedly disputed each of these Capital One accounts with each of the three credit reporting agency defendants, both on the telephone and in writing in 2014, and submitted a police report filed regarding the theft of her identity in support of her dispute.

**ANSWER:**   Answering paragraph 21 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

131068447v1 0972552

22.     Each time, the plaintiff disputed those accounts, both the credit reporting agencies and Capital One failed to conduct reasonable investigations of the plaintiff's disputes.  Inexplicably, Experian and Equifax removed one of the Capital One accounts after plaintiff's disputes, but refused to remove another derogatory Capital One account. After plaintiff's dispute, Trans Union refused to remove the Capital One account it was reporting.

**ANSWER:**     Answering paragraph 2 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

**FACTS RELATING TO THE CHASE ACCOUNTS**

23.     The plaintiff is aware of six separate credit card accounts that were opened in her name by identity thieves with Chase.

**ANSWER:**     Answering paragraph 23 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

24.     The plaintiff disputed each of these Chase accounts with each of the three credit reporting agency defendants both orally and in writing in 2014.

**ANSWER:**     Answering paragraph 24 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

25.     Each time the plaintiff disputed these accounts both the credit reporting agencies and Chase failed to conduct reasonable investigations of all of the plaintiff's disputes.  After receiving inexplicably and investigating her disputes, the credit reporting agencies inexplicably removed some of the derogatory accounts from her credit reports, while leaving the remainder of those accounts on her report.

**ANSWER:**     Answering paragraph 25 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

131068447v1 0972552

**FACTS RELATING TO THE US BANK ACCOUNT**

26.     The identity thieves also opened a US Bank credit card in the plaintiffs name.

**ANSWER:**     Answering paragraph 26 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

27.     The identity thieves incurred charges on the US Bank 'credit card, and failed to make payments.  After that account became delinquent, US Bank assigned the account to a third-party debt collector, Portfolio Recovery Associates LLC, which sued the plaintiff in New York City Civil Court in 2012.

**ANSWER:**     Answering paragraph 27 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

28.     The plaintiff defended herself in that action. The court dismissed the case against her with prejudice in August 2012, because the debt collector was not prepared to proceed in a case against Ms. Henry.

**ANSWER:**     Answering paragraph 28 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

29.     The plaintiff repeatedly disputed the subject US Bank account with each of the three credit reporting agency defendants both orally and in writing in 2014.  In support of her dispute, she submitted a police report regarding the identity theft.

**ANSWER:**     Answering paragraph 29 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

30.     Each time the plaintiff disputed the subject accounts, the credit reporting agencies and US Bank failed to conduct reasonable investigations of the plaintiff's disputes and refused to remove the derogatory account from her credit reports.

131068447v1 0972552

**ANSWER:**    Answering paragraph 30 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

## FACTS RELATING TO THE WELLS FARGO ACCOUNT

31.    The identity thieves all opened a Wells Fargo National Bank credit card for a Raymour and Flanagan account in plaintiff's name in February 2007 (Partial account number 577442109143XXX).

**ANSWER:**    Answering paragraph 31 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

32.    The identity thieves incurred charges on this account, and did not pay the balances. The account became delinquent and was subsequently reported as plaintiff's credit reports.

**ANSWER:**    Answering paragraph 32 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

33.    The plaintiff disputed the account with each of the credit reporting agency defendants in 2014 and submitted a police report regarding the identity theft in support of her dispute.

**ANSWER:**    Answering paragraph 33 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

34.    Wells Fargo and Equifax failed to conduct reasonable investigations of the plaintiff's disputes and refused to remove the derogatory account from her credit report.

**ANSWER:**    Answering paragraph 34 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

131068447v1 0972552

**FACTS RELATING TO THE LVNV FUNDING ACCOUNTS**

35.     Two of the fraudulent Chase accounts opened by the identity thieves in plaintiff's name (specifically, Chase Bank USA, N.A. Heritage accounts) were assigned to LVNV Funding, a third-party debt collector.

**ANSWER:**     Answering paragraph 35 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

36.     LVNV Funding began to report the derogatory accounts on the plaintiff's credit reports at the same time the original Chase accounts were also being reported as derogatory accounts on the plaintiffs reports.

**ANSWER:**     Answering paragraph 36 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

37.     The plaintiff disputed the LVNV Funding accounts with each of the credit reporting agency defendants in 2014 and submitted a police report filed regarding the theft of her identity in support of her dispute.

**ANSWER:**     Answering paragraph 37 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

38.     LVNV Funding and Experian failed to conduct a reasonable investigation of the plaintiffs disputes and refused to remove the derogatory accounts from her credit report.

**ANSWER:**     Answering paragraph 38 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

**FACTS RELATING TO THE SECOND ROUND ACCOUNT**

39.     After the fraudulently opened Wells Fargo/Raymour & Flanagan account became delinquent it was assigned to Second Round, a third-party debt collector.

131068447v1 0972552

**ANSWER:**   Answering paragraph 39 of the Complaint, admits only that it contacted Plaintiff regarding an unpaid, outstanding account balance regarding a Raymour & Flanagan account, which had been issued by Wells Fargo Financial Bank, N.A.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the remaining allegations contained in paragraph 39 of the Complaint.

40.   Second Round began to report the derogatory account on the plaintiffs Experian and Trans Union credit reports at the same time the original Wells Fargo account was also being reported as a derogatory account on the plaintiff's reports.

**ANSWER:**   Answering paragraph 40 of the Complaint, admits only that it did credit report the subject Raymour & Flanagan account.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40.

41.   The plaintiff disputed the account with Experian and Trans Union in 2014 and submitted a police report filed regarding the theft of her identity in support of her dispute.

**ANSWER:**   Answering paragraph 41 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein. Answering further, affirmatively alleges that Plaintiff failed to seek verification of the subject unpaid, outstanding account balance, pursuant to 15 U.S.C. §1692g(b).

42.   Defendants Second Round and Experian failed to conduct reasonable investigations of the plaintiff's disputes and refused to remove the derogatory account from her credit report.

**ANSWER:**   Answering paragraph 42 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42.

131068447v1 0972552

**FACTS RELATING TO THE PLAINTIFF'S DAMAGES**

43.     Defendants Experian, Equifax, and Trans Union each published credit reports regarding the plaintiff on multiple occasions after refusing to remove the subject disputed tradelines, causing the plaintiff economic harm via credit denials and inferior credit terms than the plaintiff would have otherwise obtained, limiting her opportunities for credit, damaging her reputation, and causing her emotional distress.

**ANSWER:**     Answering paragraph 43 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA.
AGAINST ALL DEFENDANTS

44.     The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**     Answering paragraph 44 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

45.     Defendants Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

**ANSWER:**     Answering paragraph 45 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

46.     Such reports falsely stated that the plaintiff was delinquent on the subject accounts. Defendants knew, or should have known, that the reports contained erroneous information.

**ANSWER:**     Answering paragraph 46 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

13

131068447v1 0972552

47.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to numerous third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**     Answering paragraph 47 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

48.     Defendants Experian, Equifax, and. Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the subject fraudulent accounts described above within five days of receiving plaintiff's disputes that included an identity theft report.

**ANSWER:**     Answering paragraph 48 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

49.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the plaintiff's disputes of the subject fraudulent accounts described above.

**ANSWER:**     Answering paragraph 49 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

50.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(2)(A) and (B) by failing to forward all relevant information provided to them by plaintiff regarding the subject disputes to Capital One, Chase, US Bank, Wells Fargo, LVNV Funding, and Second Round.

**ANSWER:**     Answering paragraph 50 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

131068447v1 0972552

51.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to review and consider all relevant information submitted by the plaintiff regarding her disputes in violation of 15 U.S.C. § 1681i(a)(4).

**ANSWER:**     Answering paragraph 51 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

52.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed derogatory information from the plaintiffs file after failing to verify the completeness and accuracy of that information.

**ANSWER:**     Answering paragraph 52 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

53.     Defendants Experian, Trans Union, and Equifax provided plaintiff's credit report to multiple creditors without a permissible purpose to do so in violation of 15 U.S.C. § 1681b(a) and 15 U.S.C. § 168 le(a).

**ANSWER:**     Answering paragraph 53 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

54.     Defendants Capital One, Chase, US Bank, Wells Fargo, LVNV Funding, and Second Round willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the plaintiffs disputes and by failing to review all relevant information regarding the dispute.

**ANSWER:**     Answering paragraph 54 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54.

15

131068447v1 0972552

55.     Defendants Capital One, Chase, US Bank, Wells Fargo, LVNV Funding, and Second Round each failed to review all relevant information regarding the dispute while conducting its investigation in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

**ANSWER:**     Answering paragraph 55 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55.

56.     Defendants Experian, Equifax, and Trans Union each published credit reports regarding the plaintiff on multiple occasions containing the subject disputed tradelines after each of the named defendants had violated the FCRA, causing the Plaintiff economic harm via credit denials and worse credit terms than the plaintiff would have otherwise obtained, limiting her opportunities for credit, damaging her reputation, and causing her emotional distress.

**ANSWER:**     Answering paragraph 56 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

57.     Defendants are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and pursuant to 15 U.S.C. §§ 1681o and 1681n.

**ANSWER:**     Answering paragraph 57 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57.

131068447v1 0972552

**SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
AGAINST EXPERIAN, EQUIFAX AND TRANS UNION

58.     The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**   Answering paragraph 58 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

59.     Defendants Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in NY GBL § 3 80-a(c)(2).

**ANSWER:**   Answering paragraph 59 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

60.     Such reports contained the fraudulently opened tradelines described above. Defendants knew, or should have known, that the reports contained erroneous information in violation of NY GBL § 380—j(e).

**ANSWER:**   Answering paragraph 60 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

61.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated NY GBL § 380-f by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of the subject accounts as described above.

**ANSWER:**   Answering paragraph 61 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

62.     Defendants Experian, Equifax, and Trans Union each published credit reports regarding the plaintiff on multiple occasions after violating the NY FCRA, causing the plaintiff economic harm via credit denials and worse credit terms than the plaintiff would have otherwise

17

obtained, limiting her opportunities for credit and damaging her reputation and causing him emotional

**ANSWER:**   Answering paragraph 62 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

63.   Defendants Experian, Equifax, and Trans Union are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to NY GBL §§ 380-*l* and 380-m.

**ANSWER:**   Answering paragraph 63 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

64.   Furthermore, plaintiff seeks an order of injunctive relief to require the removal of the subject accounts from the plaintiff's file maintained by the defendants and to ensure defendants' future compliance with the requirements of the NY FCRA.

**ANSWER:**   Answering paragraph 64 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

### THIRD CAUSE OF ACTION
VIOLATION OF THE FDCPA
AGAINST LVNV FUNDING AND SECOND ROUND ONLY

65.   The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**   Answering paragraph 65 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

66.   The plaintiff is a 'consumer" as that term is used in 15 U.S.C. § 1692a(3).

**ANSWER:**   Answering paragraph 66 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

131068447v1 0972552

67.     Defendants LVNV Funding and Second Round are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

**ANSWER:**     Answering paragraph 67 of the Complaint, admits only that part of its business includes the collection of unpaid, outstanding account balances that were originally owed to others.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67.

68.     The alleged debts underlying the plaintiff's complaint are "debts" within the meaning of 15 U.S.C. § 1692a(5).

**ANSWER:**     Answering paragraph 68 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

69.     Defendants LVNV Funding and Second Round violated 15 U.S.C. § 1692e(f)(1) by repeatedly attempting to collect debts from the plaintiff that she did not owe.

**ANSWER:**     Answering paragraph 69 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69.

70.     Defendants LVNV Funding and Second Round violated 15 U.S.C. § 1692e(2)(A) by repeatedly attempting to collect debts from the plaintiff Which she did not owe and by falsely reporting to credit reporting agencies that plaintiff owed a debt which she did not owe.

**ANSWER:**     Answering paragraph 70 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70.

131068447v1 0972552

71.     Defendants LVNV Funding and Second Round violated 15 U.S.C. § 1692e(10) by falsely reporting to credit reporting agencies that plaintiff owed a debt that she did not owe.

**ANSWER:**     Answering paragraph 71 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71.

72.     Defendant LVNV Funding violated 15 U.S.C. § 1692e(8) by reporting the subject debts to credit reporting agencies without noting that the plaintiff disputed the debt.

**ANSWER:**     Answering paragraph 72 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

73.     As a result of defendants' unlawful conduct the plaintiff suffered economic and emotional distress damages.

**ANSWER:**     Answering paragraph 73 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73.

74.     Defendants LVNV Funding and Second Round are thus liable to the plaintiff for statutory and actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and pursuant to 15 U.S.C. § 1692k.

**ANSWER:**     Answering paragraph 74 of the Complaint, denies the allegations contained therein to the extent they are being made against Second Round.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74.

131068447v1 0972552

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff failed to mitigate Plaintiff's damages.  There are neither allegations in the Complaint nor a record of any efforts that Plaintiff made to limit and/or prevent Plaintiff's alleged damages. This will be further investigated through discovery.

### Second Affirmative Defense

The damages alleged by Plaintiff may have been the result of other, superseding and/or intervening cause(s) and were not proximately caused by this answering defendant.  This will be further investigated through discovery.

### Third Affirmative Defense

Upon information and belief, some or all of Plaintiff's claims may be subject to and/or barred by a mandatory arbitration clause, which will be further explored in discovery.

### Fourth Affirmative Defense

Second Round affirmatively states that any violation of law, which it denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.  Such policies and procedures include, but are not limited to, training that Second Round provides to its collection personnel in handing and responding to disputed accounts.

### Fifth Affirmative Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### Sixth Affirmative Defense

All or some of Plaintiff's claims against this answer defendant are barred by the qualified immunity of 15 U.S.C. §1681h(e).

131068447v1 0972552

**WHEREFORE**, Defendant Second Round Limited Partnership having fully responded to the Complaint, prays that the Court dismiss Plaintiff's action with prejudice, order that Plaintiff take nothing thereby, and award Second Round Limited Partnership its attorney's fees and costs incurred herein, as well as any additional equitable relief the Court deems proper.

## JURY DEMAND

Defendant demands a jury trial pursuant to Fed. R. Civ. P. 38.

.

Dated:     New York, New York
           June 17, 2015

                                        HINSHAW & CULBERTSON LLP
                                        *Attorney for Defendant SECOND ROUND LIMITED*
                                        *PARTNERSHIP*

                            By:     */s/Han Sheng Beh*
                                        **Han Sheng Beh, Esq.**
                                        800 Third Avenue, 13th Floor
                                        New York, New York 10022
                                        Tel: (212) 471-6200

                                        *and*

                                        **Carlos A. Ortiz, Esq.**
                                        222 North La Salle Street
                                        Suite 300
                                        Chicago, Illinois 60601
                                        Tel: (312) 704-3000

TO:     *All Counsel of Record (via ECF)*

131068447v1 0972552