UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MARTINA HENRY, | : |
| Plaintiff, | |
| | : |
| -against- | |
| | : |
| CAPITAL ONE BANK (USA), N.A.; CHASE BANK USA, N.A.; WELLS FARGO FINANCIAL NATIONAL BANK; US BANK N.A.; LVNV FUNDING LLC; SECOND ROUND LIMITED PARTNERSHIP; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; and EQUIFAX INFORMATION SERVICES, LLC, | Civ. Action No. 1:15-cv-03241-CM-KNF : : : : : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT CHASE BANK USA, N.A.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Chase Bank USA, N.A. ("Chase"), by its Counsel, files its Answer and Statement of Affirmative Defenses to Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

1.      Chase denies: (1) that the accounts opened with Chase or its predecessor using Plaintiff's name and identifying information were opened by "an identity thief (or thieves)" or (2) that Chase has "repeated[ly] refuse[d] to comply with [its] legal obligations." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 1 of Plaintiff's complaint and, accordingly, denies the allegations.

2.      Chase admits that Plaintiff contacted Chase claiming that accounts held in her name at Chase "were in fact opened in her name by identity thieves." Chase denies that such accounts "were in fact opened . . . by identity thieves." Chase denies that it "consistently refused

1

to conduct any sort of meaningful investigation into plaintiff's claims." Chase admits that it did not request that the credit reporting agencies remove from credit reports trade lines referencing debts owed on the accounts held in Plaintiff's name at Chase. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 2 of Plaintiff's complaint and, accordingly, denies the allegations.

3. Chase denies that it "refus[ed] to comply with [its] legal obligations." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 3 of Plaintiff's complaint and, accordingly, denies the allegations.

4. Chase denies that it has engaged in "unlawful conduct." Chase admits that Plaintiff purports to bring claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 *et seq.* ("NY FCRA"). Chase denies any liability to Plaintiff under the FCRA, the FDPCA, or the NY FCRA, and denies that Plaintiff is entitled to any damages, costs, fees, or other form of relief from Chase under these or any other laws. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 4 of Plaintiff's complaint and, accordingly, denies the allegations.

## JURISDICTION AND VENUE

5. The allegations set forth in Paragraph 5 of Plaintiff's complaint state conclusions of law and do not require an answer.

6. Chase lacks sufficient information to either admit or deny the allegation set forth in the first clause of Paragraph 6 of Plaintiff's complaint and, accordingly, denies the allegation.

The allegation set forth in the second clause of Paragraph 6 of Plaintiff's complaint states a conclusions of law and does not require an answer.

7. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 7 of Plaintiff's complaint and, accordingly, denies the allegations.

8. Chase admits that it is a national bank organized under the laws of the United States with its principal place of business in Delaware and that it is qualified to do business in the State of New York. The allegation set forth in the final clause of Paragraph 8 of Plaintiff's complaint states a conclusions of law and does not require an answer.

9. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 9 of Plaintiff's complaint and, accordingly, denies the allegations.

10. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 10 of Plaintiff's complaint and, accordingly, denies the allegations.

11. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's complaint and, accordingly, denies the allegations.

12. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's complaint and, accordingly, denies the allegations.

13. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 13 of Plaintiff's complaint and, accordingly, denies the allegations.

14. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 14 of Plaintiff's complaint and, accordingly, denies the allegations.

15. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 15 of Plaintiff's complaint and, accordingly, denies the allegations.

## FACTUAL BACKGROUND

16.     Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 16 of Plaintiff's complaint and, accordingly, denies the allegations.

17.     Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 17 of Plaintiff's complaint and, accordingly, denies the allegations.

18.     Chase admits that six accounts were opened at Chase in Plaintiff's name.  Chase admits that five of the six accounts opened in Plaintiff's name at Chase were opened since March 28, 1999.  Chase denies that the six accounts opened in Plaintiff's name at Chase were opened by "identity thieves."  Chase admits that charges were incurred on these accounts and that they became delinquent.  Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 18 of Plaintiff's complaint and, accordingly, denies the allegations.

**FACTS RELATING TO CAPITAL ONE ACCOUNTS**

19.     Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 19 of Plaintiff's complaint and, accordingly, denies the allegations.

20.     Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 20 of Plaintiff's complaint and, accordingly, denies the allegations.

21.     Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 21 of Plaintiff's complaint and, accordingly, denies the allegations.

22.     Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 22 of Plaintiff's complaint and, accordingly, denies the allegations.

**FACTS RELATING TO THE CHASE ACCOUNTS**

23. Chase admits that six accounts were opened in Plaintiff's name with Chase. Chase denies that the accounts were opened by "identity thieves." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 23 of Plaintiff's complaint and, accordingly, denies the allegations.

24. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 24 of Plaintiff's complaint and, accordingly, denies the allegations.

25. Chase denies that it failed to conduct reasonable investigations in response to Plaintiff's disputes. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 25 of Plaintiff's complaint and, accordingly, denies the allegations.

**FACTS RELATING TO THE US BANK ACCOUNT**

26. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 26 of Plaintiff's complaint and, accordingly, denies the allegations.

27. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 27 of Plaintiff's complaint and, accordingly, denies the allegations.

28. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 28 of Plaintiff's complaint and, accordingly, denies the allegations.

29. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 29 of Plaintiff's complaint and, accordingly, denies the allegations.

30. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 30 of Plaintiff's complaint and, accordingly, denies the allegations.

**FACTS RELATING TO THE WELLS FARGO ACCOUNT**

31. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 31 of Plaintiff's complaint and, accordingly, denies the allegations.

32. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 32 of Plaintiff's complaint and, accordingly, denies the allegations.

33. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 33 of Plaintiff's complaint and, accordingly, denies the allegations.

34. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 34 of Plaintiff's complaint and, accordingly, denies the allegations.

**FACTS RELATING TO THE LVNV FUNDING ACCOUNTS**

35. Chase denies that any of the accounts opened at Chase with Plaintiff's name were "fraudulent" or were "opened by identity thieves." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 35 of Plaintiff's complaint and, accordingly, denies the allegations.

36. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 36 of Plaintiff's complaint and, accordingly, denies the allegations.

37. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 37 of Plaintiff's complaint and, accordingly, denies the allegations.

38. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 38 of Plaintiff's complaint and, accordingly, denies the allegations.

**FACTS RELATING TO THE SECOND ROUND ACCOUNT**

39. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 39 of Plaintiff's complaint and, accordingly, denies the allegations.

40. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 40 of Plaintiff's complaint and, accordingly, denies the allegations.

41. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 41 of Plaintiff's complaint and, accordingly, denies the allegations.

42. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 42 of Plaintiff's complaint and, accordingly, denies the allegations.

43. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 43 of Plaintiff's complaint and, accordingly, denies the allegations.

## **FIRST CAUSE OF ACTION**

44. Chase incorporates and restates its responses to Paragraphs 1 through 43 of Plaintiff's complaint as though fully set forth herein.

45. The allegations set forth in Paragraph 45 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 45 of Plaintiff's complaint and, accordingly, denies the allegations.

46. Chase lacks sufficient information to either admit or deny the allegations set forth in Paragraph 46 of Plaintiff's complaint and, accordingly, denies the allegations.

47. The allegations set forth in Paragraph 47 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 47 of Plaintiff's complaint and, accordingly, denies the allegations.

48. The allegations set forth in Paragraph 48 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient

information to either admit or deny the allegations in Paragraph 48 of Plaintiff's complaint and, accordingly, denies the allegations.

49. The allegations set forth in Paragraph 49 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 49 of Plaintiff's complaint and, accordingly, denies the allegations.

50. The allegations set forth in Paragraph 50 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 50 of Plaintiff's complaint and, accordingly, denies the allegations.

51. The allegations set forth in Paragraph 51 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 51 of Plaintiff's complaint and, accordingly, denies the allegations.

52. The allegations set forth in Paragraph 52 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 52 of Plaintiff's complaint and, accordingly, denies the allegations.

53. The allegations set forth in Paragraph 53 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 53 of Plaintiff's complaint and, accordingly, denies the allegations.

54. The allegations set forth in Paragraph 54 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required and insofar as the allegations relate to Chase, Chase denies the allegations set forth in Paragraph 54 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to admit or deny the allegations set forth in Paragraph 54 of Plaintiff's complaint and, accordingly, denies the allegations.

55. The allegations set forth in Paragraph 55 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required and insofar as the allegations relate to Chase, Chase denies the allegations set forth in Paragraph 55 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to admit or deny the allegations set forth in Paragraph 55 of Plaintiff's complaint and, accordingly, denies the allegations.

56. Chase denies that it violated the FCRA. Except to the extent set forth in this paragraph, Chase lacks sufficient information to admit or deny the allegations set forth in Paragraph 56 of Plaintiff's complaint and, accordingly, denies the allegations.

57. The allegations set forth in Paragraph 57 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required and insofar as the allegations relate to Chase, Chase denies the allegations set forth in Paragraph 57 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to admit or deny the allegations set forth in Paragraph 57 of Plaintiff's complaint and, accordingly, denies the allegations.

## SECOND CAUSE OF ACTION

58. Chase incorporates and restates its responses to Paragraphs 1 through 57 of Plaintiff's complaint as though fully set forth herein.

59. The allegations set forth in Paragraph 59 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 59 of Plaintiff's complaint and, accordingly, denies the allegations.

60. The allegations set forth in Paragraph 60 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 60 of Plaintiff's complaint and, accordingly, denies the allegations.

61. The allegations set forth in Paragraph 61 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 61 of Plaintiff's complaint and, accordingly, denies the allegations.

62. The allegations set forth in Paragraph 62 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 62 of Plaintiff's complaint and, accordingly, denies the allegations.

63. The allegations set forth in Paragraph 63 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 63 of Plaintiff's complaint and, accordingly, denies the allegations.

64. The allegations set forth in Paragraph 64 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 64 of Plaintiff's complaint and, accordingly, denies the allegations.

### THIRD CAUSE OF ACTION

65. Chase incorporates and restates its responses to Paragraphs 1 through 64 of Plaintiff's complaint as though fully set forth herein.

66. The allegations set forth in Paragraph 66 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 66 of Plaintiff's complaint and, accordingly, denies the allegations.

67. The allegations set forth in Paragraph 67 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 67 of Plaintiff's complaint and, accordingly, denies the allegations.

68. The allegations set forth in Paragraph 68 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 68 of Plaintiff's complaint and, accordingly, denies the allegations.

69. The allegations set forth in Paragraph 69 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 69 of Plaintiff's complaint and, accordingly, denies the allegations.

70. The allegations set forth in Paragraph 70 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 70 of Plaintiff's complaint and, accordingly, denies the allegations.

71. The allegations set forth in Paragraph 71 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 71 of Plaintiff's complaint and, accordingly, denies the allegations.

72. The allegations set forth in Paragraph 72 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 72 of Plaintiff's complaint and, accordingly, denies the allegations.

73. The allegations set forth in Paragraph 73 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 73 of Plaintiff's complaint and, accordingly, denies the allegations.

74. The allegations set forth in Paragraph 74 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 74 of Plaintiff's complaint and, accordingly, denies the allegations.

## **CHASE BANK USA, N.A.'S STATEMENT OF AFFIRMATIVE DEFENSES**

1. Any derogatory information regarding Plaintiff appearing on her credit report relating to accounts with Chase is true or substantially true.

2.	Upon receiving notice of Plaintiff's dispute(s) regarding the reporting of her credit information, Chase conducted a reasonable investigation with respect to the disputed information; reviewed all relevant information provided by the consumer; and reported the results of that investigation to consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b).

3.	Chase reasonably determined that Plaintiff's 2014 claims of fraud and identity theft—as detailed in Plaintiff's complaint—were frivolous or irrelevant by reason of the failure of Plaintiff to provide sufficient information for Chase to investigate the disputed information.

4.	Chase reasonably determined that Plaintiff's 2014 claims of fraud and identity theft—as detailed in Plaintiff's complaint—were frivolous or irrelevant because they were substantially the same as a dispute previously submitted by Plaintiff with respect to which Chase had already conducted a reasonable investigation and reviewed all relevant information.  Chase's prior investigation determined that Plaintiff's claims of fraud were false.

5.	Plaintiff lacks standing to sue.

6.	Plaintiff's claims are barred by the applicable statute of limitations.

7.	Plaintiff's claims are barred by application of the doctrine of laches.

8.	Plaintiff's claims are barred by application of the doctrine of estoppel.

9.	Plaintiff's claims are barred by application of the doctrine of waiver.

10.	Chase maintained reasonable policies and procedures to ensure compliance with its obligations under the FCRA.

11.	Plaintiff's damages are the result of her own conduct.

12.	Plaintiff's damages are the result of the conduct of third parties over whom Chase exercises no control.

13. Chase reserves the right to offer additional affirmative defenses based upon facts or information obtained through discovery or otherwise.

WHEREFORE, Defendant Chase Bank USA, N.A., by counsel, denies that Plaintiff is entitled to judgment, or any form of damages, costs, fees, or other relief from Chase, and respectfully requests that this Court enter judgment in favor of Chase on all counts asserted against it.

FURTHER, Defendant Chase Bank USA, N.A., respectfully requests that it be awarded its costs and fees, including reasonable attorney fees, incurred in defending this action, along with such other relief as this Court deems just and appropriate.

Dated: New York, New York　　　　　　　　Respectfully submitted,
　　　　　June 18, 2015

　　　　　　　　　　　　　　　　　　　　　/s/ _Alan E. Schoenfeld_____
　　　　　　　　　　　　　　　　　　　　　Alan E. Schoenfeld
　　　　　　　　　　　　　　　　　　　　　Wilmer Cutler Pickering Hale and Dorr LLP
　　　　　　　　　　　　　　　　　　　　　7 World Trade Center
　　　　　　　　　　　　　　　　　　　　　250 Greenwich Street
　　　　　　　　　　　　　　　　　　　　　New York, NY 10007
　　　　　　　　　　　　　　　　　　　　　Tel: (212) 230-8800
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 230-8888
　　　　　　　　　　　　　　　　　　　　　alan.schoenfeld@wilmerhale.com