UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINA HENRY,

                Plaintiff,

  -against-

CAPITAL ONE BANK (USA), N.A.; CHASE BANK USA, N.A.; WELLS FARGO FINANCIAL NATIONAL BANK; US BANK N.A.; LVNV FUNDING LLC; SECOND ROUND LIMITED PARTNERSHIP; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; and EQUIFAX INFORMATION SERVICES, LLC,

                Defendants.

Case No.: 1:15-cv-03241-CM

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WELLS FARGO FINANCIAL NATIONAL BANK

Defendant Wells Fargo Financial National Bank ("Wells Fargo"), by its counsel, as and for its Answer and Affirmative Defenses to the Complaint of plaintiff Martina Henry ("Plaintiff"), states as follows:

### FOR A RESPONSE TO "PRELIMINARY STATEMENT"

1.    Wells Fargo denies that it "repeated[ly] refus[ed] to comply with [its] legal obligations," that it engaged in "unlawful conduct," and that Plaintiff is entitled to the relief described in Paragraph 1 against Wells Fargo. Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore, those allegations are deemed denied.

2.    Wells Fargo denies the allegations contained in Paragraph 2 as they pertain to Wells Fargo. Wells Fargo otherwise denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 2, and therefore, those allegations are deemed denied.

3.     Wells Fargo denies the allegations contained in Paragraph 3 as they pertain to Wells Fargo.  Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore, those allegations are deemed denied.

4.     Wells Fargo denies that it engaged in "unlawful conduct," that it violated "the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA")," and that Plaintiff is entitled to "actual, statutory, and punitive damages and statutory attorney's fees" from Wells Fargo.  Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore, those allegations are deemed denied.

## FOR A RESPONSE TO "JURISDICTION AND VENUE"

5.     Paragraph 5 of the Complaint contains legal conclusions to which no response by Wells Fargo is required.

## FOR A RESPONSE TO "PARTIES"

6.     Paragraph 6 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore, those allegations are deemed denied.

7.     Paragraph 7 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore, those allegations are deemed denied.

8.      Paragraph 8 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore, those allegations are deemed denied.

9.      Paragraph 9 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo admits that it is a national bank and duly authorized and qualified to do business in the state of New York, but denies that it is a Nevada corporation.

10.     Paragraph 10 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore, those allegations are deemed denied.

11.     Paragraph 11 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore, those allegations are deemed denied.

12.     Paragraph 12 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore, those allegations are deemed denied.

13.     Paragraph 13 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore, those allegations are deemed denied.

14. Paragraph 14 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore, those allegations are deemed denied.

15. Paragraph 15 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore, those allegations are deemed denied.

<b>FOR A RESPONSE TO<br>"FACTUAL BACKGROUND"</b>

16. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore, those allegations are deemed denied.

17. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore, those allegations are deemed denied.

18. Wells Fargo admits that an account for a Raymour and Flanagan credit card issued through Wells Fargo was opened in Plaintiff's name and admits that charges were incurred on this account and not paid and thus, the account became delinquent. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18, and therefore, those allegations are deemed denied.

## FOR A RESPONSE TO
## "FACTS RELATING TO CAPITAL ONE ACCOUNTS"

19. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore, those allegations are deemed denied.

20. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore, those allegations are deemed denied.

21. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore, those allegations are deemed denied.

22. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore, those allegations are deemed denied.

## FOR A RESPONSE TO
## "FACTS RELATING TO THE CHASE ACCOUNTS"

23. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore, those allegations are deemed denied.

24. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore, those allegations are deemed denied.

25. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore, those allegations are deemed denied.

**FOR A RESPONSE TO**
**"FACTS RELATING TO THE US BANK ACCOUNT"**

26.     Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore, those allegations are deemed denied.

27.     Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore, those allegations are deemed denied.

28.     Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore, those allegations are deemed denied.

29.     Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore, those allegations are deemed denied.

30.     Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore, those allegations are deemed denied.

**FOR A RESPONSE TO**
**"FACTS RELATING TO THE WELLS FARGO ACCOUNT"**

31.     Wells Fargo admits that an account for a Raymour and Flanagan credit card issued through Wells Fargo was opened in Plaintiff's name in February 2007. Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore, those allegations are deemed denied.

32.     Wells Fargo admits that charges were incurred on this account and not paid and thus, the account became delinquent, and that it reported the delinquency to credit reporting

agencies. Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore, those allegations are deemed denied.

33. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore, those allegations are deemed denied.

34. Wells Fargo denies that it "failed to conduct [a] reasonable investigation[] of the plaintiff's dispute" and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and therefore, those allegations are deemed denied.

### FOR A RESPONSE TO
### "FACTS RELATING TO THE LVNV FUNDING ACCOUNTS"

35. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore, those allegations are deemed denied.

36. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore, those allegations are deemed denied.

37. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore, those allegations are deemed denied.

38. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore, those allegations are deemed denied.

**FOR A RESPONSE TO**
**"FACTS RELATING TO THE SECOND ROUND ACCOUNT"**

39. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore, those allegations are deemed denied.

40. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore, those allegations are deemed denied.

41. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore, those allegations are deemed denied.

42. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore, those allegations are deemed denied.

**FOR A RESPONSE TO**
**"FACTS RELATING TO THE PLAINTIFF'S DAMAGES"**

43. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore, those allegations are deemed denied.

**FOR A RESPONSE TO**
**PLAINTIFF'S FIRST CAUSE OF ACTION**

44. Wells Fargo repeats and incorporates as if fully set forth herein each and every response to the allegations above.

45. Paragraph 45 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and therefore, those allegations are deemed denied.

46. Wells Fargo denies the allegations contained in Paragraph 46 as they pertain to the Wells Fargo account.  Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and therefore, those allegations are deemed denied.

47. Paragraph 47 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore, those allegations are deemed denied.

48. Paragraph 48 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore, those allegations are deemed denied.

49. Paragraph 49 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore, those allegations are deemed denied.

50. Paragraph 50 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore, those allegations are deemed denied.

51. Paragraph 51 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and therefore, those allegations are deemed denied.

52. Paragraph 52 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and therefore, those allegations are deemed denied.

53. Paragraph 53 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and therefore, those allegations are deemed denied.

54. Paragraph 54 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 54 as they pertain to Wells Fargo.  Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore, those allegations are deemed denied.

55. Paragraph 55 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 55 as they pertain to Wells Fargo.  Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and therefore, those allegations are deemed denied.

56. Paragraph 56 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore, those allegations are deemed denied.

57.     Paragraph 57 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 57 as they pertain to Wells Fargo.  Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and therefore, those allegations are deemed denied.

### FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

58.     Wells Fargo repeats and incorporates as if fully set forth herein each and every response to the allegations above.

59.     Paragraph 59 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore, those allegations are deemed denied.

60.     Paragraph 60 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore, those allegations are deemed denied.

61.     Paragraph 61 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore, those allegations are deemed denied.

62.     Paragraph 62 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore, those allegations are deemed denied.

63. Paragraph 63 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and therefore, those allegations are deemed denied.

64. Wells Fargo denies that Plaintiff is entitled to the relief described in Paragraph 64 from Wells Fargo and to the extent the relief concerns the Wells Fargo account. Wells Fargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and therefore, those allegations are deemed denied.

### FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION

65. Wells Fargo repeats and incorporates as if fully set forth herein each and every response to the allegations above.

66. Paragraph 66 contains a legal conclusion to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and therefore, those allegations are deemed denied.

67. Paragraph 67 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore, those allegations are deemed denied.

68. Paragraph 68 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore, those allegations are deemed denied.

69. Paragraph 69 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and therefore, those allegations are deemed denied.

70. Paragraph 70 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and therefore, those allegations are deemed denied.

71. Paragraph 71 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and therefore, those allegations are deemed denied.

72. Paragraph 72 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72, and therefore, those allegations are deemed denied.

73. Paragraph 73 contains legal conclusions to which no response by Wells Fargo is required; but, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73, and therefore, those allegations are deemed denied.

## FOR A RESPONSE TO PLAINTIFF'S JURY DEMAND

74. Wells Fargo denies that Plaintiff is entitled to trial by jury.

## GENERAL DENIAL

75. Wells Fargo denies any and all allegations not specified above.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

76. Plaintiff has not alleged or sustained any damages that were caused by Wells Fargo, or for which Wells Fargo is, or could be, legally responsible.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

77. Wells Fargo possesses a defense founded upon documentary evidence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

78. Plaintiff's claims and causes of action are barred, in whole or in part, by the terms and conditions of the governing loan documents.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

79. Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrines of payment, release, and/or waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

80. Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,**
**WELLS FARGO ALLEGES AS FOLLOWS:**

81.     Plaintiff failed to mitigate any damages that she may have incurred.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,**
**WELLS FARGO ALLEGES AS FOLLOWS:**

82.     Plaintiff's claims and causes of action are barred, in whole or in part, by the statute of frauds.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,**
**WELLS FARGO ALLEGES AS FOLLOWS:**

83.     Plaintiff's claims and causes of action are barred, in whole or in part, by the parol evidence rule.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,**
**WELLS FARGO ALLEGES AS FOLLOWS:**

84.     Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine of unclean hands.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,**
**WELLS FARGO ALLEGES AS FOLLOWS:**

85.     Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine of ratification.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,**
**WELLS FARGO ALLEGES AS FOLLOWS:**

86.     Plaintiff fails to state a valid claim upon which relief may be granted.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,**
**WELLS FARGO ALLEGES AS FOLLOWS:**

87.     The Court lacks subject-matter jurisdiction.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

88. To the extent punitive damages are sought against Wells Fargo, such claims are not recoverable because the allegations against Wells Fargo in the Complaint are legally insufficient to support a claim for punitive damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

89. Wells Fargo hereby gives notice that it intends to rely upon any other and additional defenses that are now or may become available during or as a result of the discovery proceedings in this action, and hereby reserves its right to amend this Answer to assert such defenses.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, WELLS FARGO ALLEGES AS FOLLOWS:

90. Wells Fargo hereby gives notice that it reserves its right to assert cross-claims that are now or may become available during or as a result of the discovery proceedings in this action, and hereby reserves its right to amend this Answer to assert such cross-claims.

WHEREFORE, Wells Fargo respectfully requests that the Complaint and each and every cause of action asserted therein be dismissed against Wells Fargo, with prejudice, together with such other and further relief as the Court may deem just and proper.

WHEREFORE, Wells Fargo requests that the Complaint be dismissed in its entirety.

Dated: July 27, 2015

                Respectfully submitted,

By: /s/ Robin L. Muir
    Robin L. Muir
    Patrick J. Dempsey
    Hogan Lovells US LLP
    875 Third Avenue
    New York, New York 10022
    Tel: (212) 918-3000
    Fax:(212) 918-3100
    robin.muir@hoganlovells.com
    patrick.dempsey@hoganlovells.com
    *Counsel for Defendant*
    *Wells Fargo Financial National Bank*

**CERTIFICATE OF SERVICE**

     I hereby further certify that on this 27th day of July, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice to all appearing parties.  Parties may access this filing through the Court's ECF System.

                                                /s/ Robin L. Muir
                                                Robin L. Muir